IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENTE URAIN SOLOMON, | ) | No. C 11-2827 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| CDW G. LEWIS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against prison officials at Salinas Valley State Prison ("SVSP"), pursuant to 42 U.S.C. § 1983. Plaintiff's motions for leave to proceed in forma pauperis are GRANTED in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   <u>Legal Claims</u>

The complaint contains a number of improperly joined claims.  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  The rules are somewhat different when, as here, there are multiple parties.  Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different

1  defendants belong in different suits." *Id.*

2  The complaint appears to raise six claims. The following demonstrates the range of
3  claims plaintiff asserts against at least seven different prison officials: that prison officials failed
4  to protect him by purposefully placing him with a documented enemy; that prison officials
5  created a false Rules Violation Report against him; that prison officials retaliated against him by
6  placing him in administrative segregation and secured housing; that prison officials were
7  deliberately indifferent to his medical needs by prohibiting him from receiving physical therapy;
8  that prison officials deprived him of property; and that prison officials were deliberately
9  indifferent to his medical needs by refusing to fix his teeth.

10  As alleged, these claims against multiple parties do not arise out of the same transaction,
11  occurrence or series of occurrences, and do not involve a common question of law or fact. The
12  complaint is simply a recitation of several things that Plaintiff has found objectionable at SVSP.
13  "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining
14  that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E
15  infringed his copyright, all in different transactions – should be rejected if filed by a prisoner."
16  *Id.* Accordingly, the Court finds the claims and Defendants improperly joined.

17  Although a Court may strike individual claims that are not properly joined, the Court
18  cannot here determine which of the claims Plaintiff may wish to keep and which he wants to
19  omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and Defendants, the
20  Court now dismisses the complaint with leave to file an amended complaint. The amended
21  complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of
22  claims and Defendants, and if it does not then this entire action will be dismissed without
23  prejudice.

## CONCLUSION

25  1.  The complaint is DISMISSED with leave to amend.

26  2.  Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
27  this order is filed to cure the deficiencies described above. The amended complaint must include
28  the caption and civil case number used in this order (C 11-2827 LHK (PR)) and the words

1  AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
2  prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**
3  **accordance with this order will result in dismissal of this action.**  The Clerk of the Court shall
4  send Petitioner a blank civil rights form along with his copy of this order.

5         3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
8  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

10        4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
11 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
12 of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to
13 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
14 of Civil Procedure 41(b).

15        IT IS SO ORDERED.
16 DATED:   7/29/11
17                                              LUCY H. KOH
                                                United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.11\Solomon827dwla.wpd        4