IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE URAIN SOLOMON, ) | No. C 11-2827 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL |
| ) | WITH LEAVE TO AMEND |
| v. ) | |
| ) | |
| CDW G. LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint against prison officials at Salinas Valley State Prison ("SVSP"), pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The Court reviewed Plaintiff's original complaint, and dismissed it with leave to amend, advising Plaintiff that it contained several improperly joined claims and parties. *See* Fed. R. Civ. P. 18(2), 20(a)(2). The Court noted that the complaint appeared to raise six separate claims, and named as Defendants at least seven different prison officials playing a variety of roles. The claims alleged that: prison officials failed to protect Plaintiff by purposefully placing him with a documented enemy; prison officials created a false Rules Violation Report against Plaintiff; prison officials retaliated against Plaintiff by placing him in administrative segregation and secured housing; prison officials were deliberately indifferent to Plaintiff's medical needs by prohibiting him from receiving physical therapy; prison officials deprived Plaintiff of property; and prison officials were deliberately indifferent to Plaintiff's medical needs by refusing to fix his teeth. The Court dismissed the complaint with leave to amend, directing Plaintiff to comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and Defendants, and filing an amended complaint.

Plaintiff has now filed his amended complaint. A review of the amended complaint reveals that, although Plaintiff has omitted his previously alleged medical needs claims, the amended complaint still raises several unrelated claims against presumably different defendants. It is clear that Plaintiff is attempting to raise a retaliation claim, as well as a due process claim for improperly and repeatedly placing him in the SHU. It is less clear whether Plaintiff is also raising a claim that Defendants failed to protect him by placing him in the yard with a known enemy. Accordingly, Plaintiff will be given one more opportunity to clarify his claims in a short and plain manner.

Moreover, although the amended complaint names Defendants, Plaintiff must link each Defendant to each claim by providing facts showing the basis for liability for each individual

1  Defendant.  For example, plaintiff should allege which Defendants in particular were responsible
2  for retaliating against him, and what each did.  He should briefly describe what action the state
3  actor took adversely against him, because of Plaintiff's protected conduct, that it did not
4  reasonably advance a legitimate correctional goal, and that the Defendant's act chilled his
5  exercise of rights.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
6  Plaintiff should not refer to them as a group (e.g., "the Defendants"); rather, he should identify
7  each involved person by name, and link each of them to the claim(s) by explaining what each
8  Defendant did or failed to do that caused a violation of his constitutional rights.  *See Leer v.*
9  *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant
10  under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of
11  federally protected right).
12      Accordingly, the amended complaint will be dismissed with leave to amend to cure the
13  deficiencies above, if Plaintiff can do so in good faith.

## CONCLUSION

15      1.   Plaintiff's motion for a thirty day extension of time to file his amended complaint
16  is DENIED as unnecessary.  The amended complaint is deemed timely filed, and is DISMISSED
17  with leave to amend.
18      2.   Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days**
19  from the date this order is filed to cure the deficiencies described above.  The amended
20  complaint must include the caption and civil case number used in this order (C 11-2827 LHK
21  (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not
22  incorporate material from the prior complaint by reference.  **Failure to file a second amended**
23  **complaint within thirty days and in accordance with this order will result in dismissal of**
24  **this action.**
25      3.   Plaintiff is advised that an amended complaint supersedes the original complaint.
26  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
27  in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
28  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

Order of Dismissal with Leave to Amend
P:\pro-se\sj.lhk\cr.11\Solomon827dwla2           3

1 | *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2 |     4.    It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket number 9.

IT IS SO ORDERED.

DATED: 10/21/11

_____
LUCY H. KOH
United States District Judge